# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN D. BUCK, D.D.S., <br><br> Plaintiff, <br><br> vs. <br><br> UNUM LIFE INSURANCE COMPANY OF AMERICA; UNUM GROUP; and DOES 1 THROUGH 10, INCLUSIVE <br><br> Defendants. | CASE NO.: C-08-5166 MMC <br><br> **STIPULATED PROTECTIVE ORDER** |

1. Any party may designate as "CONFIDENTIAL" any document produced for inspection and copying or any other document disclosed, served, filed or given under oath in this action (including, without limitation, answers to interrogatories, answers to requests for admission, and transcripts of depositions), or any part thereof, at the time of production, disclosure, service, copying, filing, or signing with the word "CONFIDENTIAL" or, if inadvertently produced without such legend, or, if produced by a third party, by promptly furnishing written notice to the receiving party that information shall be "CONFIDENTIAL" under this Protective Order.

A.  The information produced shall be stored in a secure fashion to assure compliance with this Order. The requesting party may designate a competent person or entity to serve as his or agent to organize said data and to limit distribution in accordance with this Order.

B.  In exercising the right to designate a document as CONFIDENTIAL document, the parties agree to proceed in good faith. A party shall not designate a document as CONFIDENTIAL unless it is of a private or confidential or proprietary nature deserving of such protection. Except as may be otherwise provided by this Order or by further order of the Court or further stipulation of the parties, documents designated as CONFIDENTIAL, as well as the matters contained therein, and extracts and summaries thereof containing confidential information, shall not be produced to any commercial competitor of the party producing the data.

C.  Access to any CONFIDENTIAL documents, or any part thereof, as well as to the matters contained therein, shall be limited to: (i) the judiciary, its employees and its agents, including jurors; (ii) the parties and the officers, employees and agents of the parties who have a reasonable justification to view the CONFIDENTIAL material, but only in accordance with paragraph 1(E); (iii) the attorneys for the parties, their associates, assistants and agents; (iv) consultants and experts involved in the preparation of this litigation for each party; (v) court reporters, their transcribers, assistants and employees; (vi) authors, subjects, and recipients of CONFIDENTIAL documents; and (vii) potential witnesses.

D.  Individuals and entities, other than the parties, their attorneys, associates and agents, permitted access by the parties' attorneys, pursuant to paragraph 1(C) above, to CONFIDENTIAL documents, or parts thereof, are hereby ordered not to show, convey or reproduce any such documents, or any parts thereof, or any matters contained therein, or any extracts or summaries thereof, to any individual or entity who would not otherwise have access to CONFIDENTIAL

documents under the provisions of this Order.

E.  All CONFIDENTIAL documents produced in this suit, whether by a party or nonparty, subpoena, agreement or otherwise, and all information contained in them or derived from them, shall be used solely for the preparation and trial of this suit (including any appeals and retrials), and shall not be used for any other purpose, including business, governmental or commercial, or in any other administrative, arbitration or judicial proceedings or actions.

F.  Any persons who are given access to any CONFIDENTIAL documents, or any part thereof, as well as to the matters contained therein, in accordance with paragraph 1(C)(ii), are required to execute the instant protective order, or an addendum to this protective order, which affirmatively acknowledges that they have read the protective order and agree to be bound by its terms.

2.  Counsel for each party shall insure that any person who makes a declaration or testifies on behalf of that party, or assists in any way in the preparation of that party's case shall have access to CONFIDENTIAL material only after being informed of the provisions of this Order and after agreeing to be bound by it.

3.  In the event that any party submits to the Court any document which has been designated as CONFIDENTIAL, the party submitting the CONFIDENTIAL documents shall conditionally lodge the CONFIDENTIAL documents with the Court in a sealed envelope container, on which shall be endorsed the title of the action to which it pertains, an indication of the contents of the sealed envelope or other container, the words "CONFIDENTIAL– CONDITIONALLY UNDER SEAL," and a statement that the enclosed documents are subject to a motion to file the documents under seal. A copy of this Protective Order shall be submitted with the lodged materials. Lodged CONFIDENTIAL materials shall not be available to public inspection. The party who designated the material as CONFIDENTIAL shall have the opportunity to apply to the Court for

3

CASE NO. C-08-5166 MMC
STIPULATED PROTECTIVE ORDER

an order allowing the CONFIDENTIAL documents to be filed under seal.

If the Court grants the motion to file the CONFIDENTIAL documents under seal, the Court shall order the documents to be sealed and the sealed documents shall be kept separately from the public file. If the Court denies the motion to file the CONFIDENTIAL documents under seal, the material will be filed as any other non-sealed document. Any court hearing which refers to or describes CONFIDENTIAL information subject to this Protective Order shall in the Court's discretion be in camera.

4. Parties submitting purportedly CONFIDENTIAL information to the Court shall endeavor in good faith to restrict their filings or other submissions to CONFIDENTIAL information that is reasonably necessary for the Court to consider in connection with the issue or matter for which the CONFIDENTIAL information is submitted.

5. The execution of this Order, and the entry of a protective order pursuant hereto shall not, in itself:

    a. constitute a waiver of any party's right to seek at a future time relief from the Court for an order restricting access to specific documents designated as CONFIDENTIAL documents to a more limited group of individuals or entities than defined in paragraphs 1 (B) and 1 (C) above, or granting access to specific documents designated as CONDIFENTIAL to specific individuals; or

    b. preclude any party from (i) claiming that any document or matter designated hereunder is not entitled to the protections of this Protective Order, (ii) applying to the Court for and Order permitting disclosure or use of information or documents otherwise prohibited by this Protective Order, or (iii) applying for an order modifying this Protective Order in any respect; or

    c. constitute a waiver of any objection to any discovery request;

    d. be construed as an admission or agreement that any document designated as CONFIDENTIAL is, in fact, confidential, or contains sensitive

4

CASE NO. C-08-5166 MMC
STIPULATED PROTECTIVE ORDER

information, or otherwise is entitled to any protective relief whatsoever.

6. If any party claims that any matter designated hereunder is not entitled to the protections of this Protective Order, that party may serve on the designating party an objection to the designation. The producing party then has 30 days to inform the court, pursuant to the Magistrate Judge's instructions or procedures, that it seeks a determination that materials are in fact entitled to confidentiality. If no action is brought within the 30 days, the materials shall be handled in accordance with this Order until the motion is ruled upon, and thereafter shall be subject to this Order if the Court determined that the material are in fact entitled to such protection.

7. The terms of this Protective Order are applicable to CONFIDENTIAL information submitted or produced by a non-party, and such information produced by a non-party in connection with this litigation is protected by the remedies and relief provided by this Protective Order. A non-party providing information to all the parties through either formal or informal discovery means shall (a) have the same right as a party to designate any such information under this Protective Order, and (b) shall have the standing to enforce the terms of this Protective Order with respect to disclosure and use of that non-party designated information.

8. The terms of this Protective Order shall continue to apply to all CONFIDENTIAL documents and information after this suit has been terminated. Upon termination of this suit, including all appeals, the parties shall return all CONFIDENTIAL documents to the producing party, as well as all copies, extracts and summaries of them, except that counsel for each party may maintain in his file one copy of each pleading or other paper filed with the Court. Alternatively, the parties and/or any producing party may agree in writing on appropriate methods of destruction.

9. This Order does not apply to and shall have no effect upon evidence offered at trial or in consideration of any proceeding in this case.

1    10. For the purpose of the instant stipulation facsimile signatures and the
2  execution in counterparts is acceptable.
3        IT IS SO STIPULATED.

Dated: December 8, 2009                Donahue & Horrow, LLP

                                       By: _____
                                           Michael B. Horrow
                                           Nichole D. Podgurski
                                           Attorneys for Plaintiff
                                           STEPHEN D. BUCK, D.D.S.

Dated: December 8, 2009                MESERVE, MUMPER & HUGHES LLP

                                       By: _____
                                           Linda M. Lawson
                                           Sasha Lankarani
                                           Attorneys for Defendants
                                           UNUM LIFE INSURANCE
                                           COMPANY OF AMERICA and
                                           UNUM GROUP

     The Stipulated Protective Order is hereby APPROVED. Further, the procedure applicable to any motion to file a document under seal shall be governed by Civil Local Rule 79-5

 IT SO ORDERED this 11th day of December, 2009

                        _____
                        Judge Maxine M. Chesney